UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SOON YE LEE,

                        Plaintiff,

-against-

CHINA EARTERN AIRLINES CO., LTD,

                        Defendant.
------------------------------------------------------------------X

Case No.: 22-cv-7608

**COMPLAINT**

***JURY TRIAL DEMANDED***

## INTRODUCTION

Plaintiff SOON YE LEE ( "SOON YE LEE" or "Plaintiff"), by and through her attorneys, JSL LAW OFFICES, P.C., as for her Complaint against Defendants CHINA AIRLINES CO., LTD. ("CHINA" or " Defendant"), respectfully alleges as follows:

## PRELIMINARY STATEMENT

1. This is a civil action seeking monetary relief, compensatory and punitive damages, disbursements, costs and fees brought under the Montreal Convention Treaty, the Federal Aviation Act and other Federal and New York causes of action. This is an action against CHINA EASTERN AIRLINES CO., LTD for (1) failure to ensure proper and safe management and inspection of the aircraft; (2) failure to provide emergency medical assistance on the airplanes, at QINGDAO INTERNATIONAL AIRPORT ("TAO"), at INCHEON INTERNATION AIRPORT ("ICN") and/or in SEOUL KOREA even though Plaintiff requested first aid pain killers and doctor's prescriptions for some medication; (3) Negligence in Hiring and Training; and (4) breach of contract.

2. Plaintiff further alleges that Defendant was negligent, reckless, indifferent and/or

1

intentionally breached their duties and legal obligations with respect to their interactions with and treatment of Plaintiff as described herein, which directly caused the injuries of Plaintiff, and Plaintiff seeks, among other things, including but not limited to, as follows: actual, consequential, enhanced, exemplary and punitive damages, costs, and attorney fees.

## JURISDICTION

3. The jurisdiction of this Court is invoked under the Montreal Convention Treaty Article 33. This Court has general personal jurisdiction over the Defendant pursuant to 28 U.S.C. § 1332 in that such jurisdiction is founded upon the diversity of citizenship between the parties to this action and the matter in controversy exceeds, exclusive of interest and costs, the sum of Seventy-five thousand ($75,000) Dollars and 28 U.S.C. §§ 1331, 1334, and 1367. Plaintiffs' action for declaratory, injunctive, and or monetary relief is authorized by 28 U.S.C. §§ 1343(a) (VI), 2201 & 2202 and the aforementioned statutory and constitutional provisions.

4. Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that gives rise to the federally based claims and causes of action.

## VENUE

5. Venue is proper for the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. § 1391(a), (b), and (c).

## PARTIES

6. That at all times hereinafter mentioned, Plaintiff was and still is a resident of the

2

County of Queens, State of New York.

7.    Upon information and belief, at all times hereinafter mentioned, Defendant CHINA  was and still is a domestic corporation organized and existing by virtue of the laws of New York.

8.    Upon information and belief, that at all times hereinafter mentioned, Defendant CHIN was and still is a foreign corporation licensed to do business in the State of New York.

9.    Upon information and belief, that at all times hereinafter mentioned, Defendant CHINA was and still is a limited liability company doing business in the State of New York.

## FACTUAL STATEMENT

10.   That Plaintiff reiterates and realleges each and every allegation contained in paragraphs 1 through 9 of this Complaint with the same force and effect as set forth herein.

11.   Upon information and belief, that at all times hereinafter mentioned, on or about September 12, 2019, CHINA owned the aircraft known as AIRBUS A321, flight number MU 5672, that departed from YANJI to TAO at a layover.

12.   Upon information and belief, that at all times hereinafter mentioned, CHINA managed all staff, personnel and employees of said Airlines and aircraft.

13.   Upon information and belief, that at all times hereinafter mentioned, CHINA,  its agents, servants and/or employees, operated the aforesaid Airlines and aircraft.

14.   Upon information and belief, that at all times hereinafter mentioned, CHINA, its agents, servants and/or employees, maintained the aforesaid Airlines and aircraft.

15.   Upon information and belief, that at all times hereinafter mentioned, CHINA, its agents, servants and/or employees, managed the aforesaid Airlines and aircraft, as well as the Defendant's other employees, including, staff, personnel and employees thereat.

16.    Upon information and belief, that at all times hereinafter mentioned, CHINA, its agents, servants and/or employees, controlled the aforesaid Airlines and aircraft, as well as the Defendant's other employees, including, staff, personnel and employees thereat.

17.    Upon information and belief, that at all times hereinafter mentioned, CHINA, its agents, servants and/or employees, repaired the aforesaid aircraft.

18.    Upon information and belief, that at all times hereinafter mentioned, CHINA, its agents, servants and/or employees, inspected the aforesaid Airlines and aircraft.

19.    Upon information and belief, that on and prior to the date of the occurrence herein, the Defendant, had a duty to maintain in a reasonable, safe condition the aforesaid aircraft.

20.    Plaintiff purchased the air ticket from YANJI TO ICN and was on board the aircraft of CHINA that was set to depart from YANJI to TAO at a layover on September 12, 2019.

21.    On or about September 12, 2019, Plaintiff was lawfully and properly travelling, in the aforementioned aircraft.

22.    On or about September 12, 2019, Plaintiff was lawfully siting with seat-belt in the aforementioned aircraft, when that luggage  fell on her head, neck and shoulders during flight, causing her to sustain severe and grievous personal injuries.

23.    The accident occurred about one (1) hour after the aircraft took off from YANJI.

24.    Suddenly two (2) heavy luggage from an overhead bin in a raw  fell on Plaintiff's head, neck and shoulder.

25.    CHINA failed to provide medical assistance on the airplane and to make an

4

announcement over the Public Address System to request first aid emergency medical assistance.

26   The CHINA had about 2 hours to connect another flight to ICN. However, Plaintiff was given Tylenol and ice packs without a doctor or nurse's direction.  Then, Plaintiff boarded another CHINA AIRLINES for ICN.

27.   Plaintiff again informed her injuries to  the flight attendants at CHINA for ICN and requested emergency treatments in flight and ICN airport.  However, CHINA refused or ignored Plaintiff's requests to provide urgent doctor's prescriptions and failed to care Plaintiff's emergency situation.

28   After Plaintiff arrived Seoul Korea, Plaintiff contacted CHINA for treatments again because  she, a senior citizen of the United States of America,  did not have any health insurance or enough money to pay high medical expenses in Seoul Korea. CHINA, however, refused to take care of Plaintiff's injuries.

29.   In Seoul Korea, Plaintiff visited doctor's offices and paid for the medical bills from out of  her own pocket. Plaintiff was unable to visit further necessary doctors and/or treatments as she did not have money.

30.   Plaintiff  endured extreme pain and distress, was in a state of shock and was physically, emotionally and mentally horrified for extended periods of time.

31.   As a result of the foregoing,  Plaintiff has sustained serious injuries.  Plaintiff will require additional surgeries and/or  treatment in the future. Plaintiff currently has, and will continue to have, difficulty doing the most basic tasks of everyday daily life.

## AS AND FOR A FIRST COUNT
*Negligent inspection and maintenance of the aircraft*

32.   The Plaintiff repeats, reiterates and realleges each and every allegation

contained in paragraphs 1 through 31 of this Complaint with the same force and effect as though fully set forth herein.

33. On or about September 12, 2019, Plaintiff was lawfully sitting with a seat-belt fastened in the aforementioned aircraft, when the two (2) luggage from the overhead bin fell on her head, shoulder and arm, causing her to sustain severe and grievous personal injuries.

34. CHINA was required under law to ensure the security of all equipment, including that the overhead bin was installed and closed properly.

35. CHINA failed to inspect and maintain said overhead bin properly. Due to CHINA's negligent inspection practices and maintenance, Plaintiff has suffered, still suffers and will continue to suffer from serious injuries.

36. The said occurrence was due to the negligence, gross negligence, recklessness and carelessness of Defendants, their agents, servants, employees and/or licensees in the ownership, operation, supervision, management, inspection, control and maintenance of said aircraft, and the staff, personnel and employees thereat, in failing to ensure proper and safe management, maintenance and inspection of the aircraft, in causing, permitting and/or allowing said aircraft to be, become and remain in a dangerous and hazardous condition, constituting a trap, nuisance and hazard; in improperly installing, maintaining, constructing and operating the overhead bin, in that they allowed and permitted same to become and remain in a dangerous, defective condition, so that the Plaintiff and others were put in a position of danger; in failing to maintain said aircraft in a safe condition for those lawfully using the same, in failing to inspect and/or properly inspect the aforesaid aircraft to detect and remedy the dangerous condition, in that said condition remained at a time when the Defendants, their agents, servants, and/or employees knew or should have known that the condition existed and knew, or should have

6

known that an incident such as Plaintiff's incident would and/or could take place.

## AS AND FOR A SECOND COUNT
*failure to provide emergency medical assistance*

37. The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 36 of this Complaint with the same force and effect as though fully set forth herein.

38. CHINA was required under law to make a Public Address System announcement in order to provide emergency medical assistance for Plaintiff's emergency care and/or to coordinate an ambulance or Emergency Room accommodation at TAO and/or ICN.

39. CHINA refused and failed to provide Plaintiff's medical assistance. CHINA did not perform their duties as to emergency care, which caused Plaintiff's serious injuries directly and proximately. CHINA's recklessness or negligence include failing to provide medical assistance on the aircraft, including, but not limited to, failing to make an announcement over the Public Address System requesting first aid emergency medical assistance; in failing to treat or provide appropriate emergency care, in failing to coordinate an ambulance or Emergency Room accommodation at TAO and/or ICN and/ or Seoul Korea.

40. For the foregoing, Plaintiff has suffered, still suffers and will continue to suffer from the serious injuries.

## AS AND FOR A THIRD COUNT
*Negligence in Hiring and Training*

41. The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 40 of this Complaint with the same force and effect as though fully set forth herein.

42.   The law specifies that a training program must ensure that each crew member remains adequately trained, including instruction on coordination among crew members in abnormal/emergency situations.   The Federal Aviation Administration ("FAA") requests that PRINCIPAL OPERATIONS INSPECTOR Principal Operations Inspector (" POI")s review their assigned air carrier's training program and operational manuals to ensure that the air carrier establishes a safe and effective means of coordination and communication between the flight and cabin crewmembers, such as use of the PA system to find medical professional emergency care onboard the aircraft.

43.   CHINA failed to train their aircrew employees to properly and/or adequately monitor the care, guidance and/or supervision provided of said aircraft.

44.   CHINA's negligent hiring and/or training consisted in failing to hire efficient and/or sufficient aircrew employees in connection with the operation, management, control, and/or supervision of said aircraft, acting in a careless, reckless and negligent manner in hiring, training, and supervising their aircrew employees, and  in failing to provide Plaintiff with a safe aircraft in which to travel.

45.   For the foregoing, Plaintiff has suffered, still suffers and will continue to suffer from the serious injuries.

## AS AND FOR A FOURTH COUNT
*Brach of Contract*

46.   The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 45 of this Complaint with the same force and effect as though fully set forth herein.

47. In purchasing a ticket for the flight from YANJI in China to ICN in South Korea, Plaintiff contracted with Defendant CHINA to transport Plaintiff to her destination ICN of the aircraft.

48 Plaintiff was subsequently issued a boarding pass by Defendant CHINA on her flight to ICN via TAO at a layover.

49. Plaintiff was on board the aircraft of CHINA that was set to depart from YANJI to TAO on September 12, 2019.

50. Plaintiff was lawfully sitting with seat-belt in the aforementioned aircraft, and properly travelling, in the aforementioned aircraft, when the two heavy luggage fell on her head, neck and shoulders during flight, causing her to sustain severe and grievous personal injuries.

51. The contract of passage between Defendant CHINA and Plaintiff included, but was not limited to Plaintiff's right to travel without interference.

52. Defendant CHINA's negligence causing Plaintiff's personal injuries constituted a breach of Defendant CHINA's obligations under the aforesaid contract.

53. Plaintiff performed each of her obligations under the aforesaid contract and was not in breach of the said contract.

54. Plaintiff has been prevented from following her usual vocation and has been obliged to incur expense and obligations for medicines, medical care and attention and treatment and she is informed, and she verily believes, that she will in the future be obliged to incur further expense and obligations for medicines, medical care and attention and treatment and have continuous pain and suffering and be unable to follow her current vocation.

55. The foregoing breach of contract by Defendant CHINA and/or its agents,

employees or representatives constituted a breach of contract entitling Plaintiff to damages in amounts to be determined at trial.

WHEREFORE, Plaintiff respectfully prays that the Court award judgment in her favor and as against Defendant CHINA for the following:

(1) Compensatory damages in an amount to be determined at trial;

(2) Punitive damages in an amount to be determined at trial;

(3) All costs that Plaintiff has incurred in pursuing this action, as well as reasonable attorneys' fees; and

(4) Such other relief as the Court may deem just and proper.

Dated: Uniondale, New York
   September 7, 2022

        JSL LAW OFFICES, P.C.


        */S/ JAE S. LEE*
        JAE LEE, ESQ.
        Attorneys for Plaintiff
        **SOON YE LEE**
        626 RXR PLAZA
        Uniondale, New York 11556
        (718) 461-8000


TO: Clyde & Co
  Attorneys for Defendant
  **CHINA EASTERN AIRLINES CO, LTD.**
  The Chrysler Building
  405 Lexington Avenue
  16th Floor
  New York, New York 10174
  (212) 710 3900
  philip.weissman@clydeco.us